IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01299-BNB

TYRONE WALKER,

    Plaintiff,

v.

RANDY SMITHGALL, Inspector General.
JOE HALLIGAN, Captain,
KEVIN MILYARD, Warden,
ARISTEDES W. ZAVARAS, Executive Director,
PAUL HELLENBECK, Associate Director of Offender Services,
BRENT PARKER, Associate Director of the Training Academy, and
W. WILSON, Case Manager III,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Tyrone Walker, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Walker, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. The Court must construe the Complaint liberally because Mr. Walker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Mr. Walker's claims are repetitive and unduly prolix.  He fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The Court, therefore, will direct Mr. Walker to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Mr. Walker must present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Walker also must assert a defendant's personal participation in each of the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Walker must show that a defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, the Plaintiff's "complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Walker file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Walker shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Walker fails within the time allowed to file an

Amended Complaint that complies with this Order, the action will be dismissed without further notice.

DATED November 16, 2011, at Denver, Colorado.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge