IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01299-BNB

TYRONE WALKER,

    Plaintiff,

v.

RANDY SMITHGALL, Inspector General,
JOE HALLIGAN, Captain,
KEVIN MILYARD, Warden, and
W. WILSON, Case Manager III,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Tyrone Walker, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. On May 17, 2011, Mr. Walker submitted to the Court a Prisoner Complaint asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on November 16, 2011, instructing Mr. Walker to amend the Complaint in keeping with Fed. R. Civ. P. 8 and with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Walker complied with the November 16 Order on December 8, 2011.

    The Court must construe the Amended Complaint liberally because Mr. Walker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a

valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*  For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Walker asserts two claims.  In Claim One, he alleges that his due process rights were violated when he was removed from the general population pending an investigation regarding his involvement in dealing dangerous drugs.  He further alleges that he was placed in administrative segregation without a disciplinary charge or hearing in violation of DOC Administrative Regulations 150-01 and 600-02.

In Claim Two, Mr. Walker alleges that as a result of being placed in administrative segregation he has been subject to "harsh conditions of confinement" in violation of his Eighth Amendment rights.  Am. Compl. (Doc. No. 26) at 10.

As for Claim Two, a prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' "  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail."  *Shifrin v. Fields*, 39 F.3d

1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Nothing Mr. Walker asserts in Claim Two rises to the level of an Eighth Amendment violation. His allegations are conclusory and vague and do not state specifically how the conditions of his confinement in administrative segregation violated his Eighth Amendment rights other than that he is being held in the most restrictive custody level. Without more, Mr. Walker fails to assert an Eighth Amendment claim with respect to his placement in administrative segregation.

As for Mr. Walker's due process claim, a liberty interest may arise under the United States Constitution or prison regulations. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224.

DOC Administrative Regulation 600-02 addresses offender classification and placement in administrative segregation. DOC AR 600-02 I and II. To the extent Mr. Walker asserts his due process rights were violated because DOC staff failed to comply with the guidelines set forth in AR 600-02, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson,* 1

F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)). Prison regulations are "primarily designed to guide correctional officials in the administration of a prison," *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995), and are not designed to confer rights on inmates, *Diaz v. McGuire*, 154 F. App'x 81, 84-85 (10th Cir. 2005) *cert. denied,* 546 U.S. 1221 (2006).

Furthermore, "[t]he due process rights of prisoners are subject to reasonable limitation or restriction in light of the legitimate security concerns of the institution" and, therefore, " 'the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.' " *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (citation omitted). Mr. Walker concedes that his transfer to administrative segregation was based on his possible involvement in dealing dangerous drugs. The minimum process that he was due during the time he was placed in administrative segregation pending an investigation of his involvement dealing in dangerous drugs includes a notice of charges and an opportunity to present his views. *See Hewitt v. Helms*, 459 U.S. 460, 475-77 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. at 483.

Here, Mr. Walker states that he was notified of the reasons for his placement in administrative segregation. Although he does not indicate whether he was afforded the opportunity to present his views, he concedes that the charges against him were dropped and he was not subjected to a disciplinary hearing. Mr. Walker's complaint involves no more than a classification determination that he should be placed in administrative segregation. "[A]dministrative segregation is the sort of confinement . . . inmates should reasonably anticipate receiving at some point in their incarceration" and

4

does not per se invoke an interest independently protected by the Due Process Clause. *Hewitt*, 459 U.S. at 468.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The United States Supreme Court has recognized that a due process liberty interest is at stake when a prisoner's reclassification imposes an "atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But the conditions in *Wilkinson* were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. Nothing Mr. Walker alleges amounts to the extreme conditions found in *Wilkinson*. Mr. Walker fails to assert that his placement in administrative segregation is an atypical and significant hardship and a violation of his due process rights. Claim Two, therefore, lacks merit and will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 2. Accordingly, it is

ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  15th  day of    December   , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court